**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CICELY PARKER,

     PLAINTIFF

  -vs-                                     Case No.

CITY OF CENTERLINE,                  Hon:
a municipal corporation;
CENTERLINE OFFICER TYLER SCICLUNA,
Individually,
CENTERLINE OFFICER JOHN DOE 1,
Individually,
CENTERLINE OFFICER JOHN DOE 2,
Individually.

             DEFENDANTS                JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Suite 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Email: benavideslaw@att.net

## <u>COMPLAINT AND JURY DEMAND</u>

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

**NOW COMES** the PLAINTIFF, Cicely Parker, by and through her attorney,

**MARCEL S. BENAVIDES**, and for her complaint against the City of Centerline

("Defendant City of Centerline"), and City of Centerline police officers, Sgt. Tyler

Scicluna ("Defendant Officer Scicluna "), Centerline Officer John Doe 1, and

1

Centerline Officer John Doe 2 (collectively all individually named officers referred to as ("Defendant Officers")) states as follows:

## JURISDICTION & VENUE

1.     This action is brought pursuant to 42 U.S.C. §  1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.     This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3.     Venue is proper under 28 U.S.C. § 1391 (b) as the events giving rise to the claims asserted in this complaint occurred within this District.

## PARTIES

4.     Plaintiff is a resident of the County of Wayne, State of Michigan.

5.     Defendant City of Centerline is a municipal corporation located in the County of Macomb, State of Michigan.

6.     Defendant Officers were at all relevant times a Defendant City of Centerline Police Department Officer, agent and/or employed by Defendant City of Centerline and acting under color of law and within the scope of their employment. Upon information and belief, Defendant Officer Scicluna was a ranked sergeant acting as a supervisor at all relevant times as stated in this complaint.

2

7.     Defendant City of Centerline is liable under state and/or federal law for all injuries proximately caused by the intentional, willful and wanton, reckless, deliberately indifferent, grossly negligent and/or negligent acts and/or omissions committed pursuant to customs, policies, usage and/or practices which deprive citizens of their rights, privileges and/or immunities secured by the Constitutions and laws of the United States and/or of the State of Michigan.

## FACTS

8.     On or about March 25, 2023, Plaintiff, Cicely Parker, an African American female, was in the City of Centerline, County of Macomb, State of Michigan, driving her vehicle alone to the Catteleman's grocery store. She had been looking forward to making a great meal as she had a very stressful work schedule as a licensed certified nurse's assistant in various facilities that house geriatric patients suffering from memory loss, and due to her daily caring for her two  special needs children as a single mother.

9.     Plaintiff's lawfully registered vehicle, a red Saturn Vue, was inherited by her upon her mother's recent death. Plaintiff requested, and was lawfully tendered, the State of Michigan vanity license plate of "BEVERLY" in remembrance of her mother's name.

10.     The in-car police video and the body camera recording of Defendant Officer Scicluna show Plaintiff lawfully parking her vehicle in an open spot in the Cattleman's grocery store parking lot. Defendant Officer Scicluna aggressively

drives his marked police car to the rear of Plaintiff's vehicle to box her in thus committing a seizure.[1]

11.     Defendant Officer Scicluna draws his gun on Plaintiff, pointing it at her from behind his open car door and yells from his cruiser at Plaintiff to put her "vehicle in park" and to "turn the car off." Plaintiff complied. Defendant Officer Scicluna still had his gun pointed at Plaintiff, yelled at Plaintiff to put her hands out the window and asked who was in the car with her. Still pointing the gun at Plaintiff, he then instructed Plaintiff to use the outside handle of the door to open her car door. At this point another City of Centerline marked police vehicle that had its emergency lights activated further blocked Plaintiff's vehicle in the parking spot. Still pointing his gun at Plaintiff, Defendant Officer Scicluna told her to step out of the car, to face away from them and to walk backwards. Defendant Officer John Doe 1 exited his police vehicle and stood in an aggressive posture as Defendant Officer Scicluna gave commands to Plaintiff. Plaintiff exited her vehicle with both of her hands up in the air, clearly showing she was not armed, as Defendant Scicluna, who still had his gun pointed at her, told her to face away from them and to walk backwards towards his car. Defendant Officer John Doe 2, who arrived in a third marked police vehicle with

---

[1] This entire incident depicting the use of excessive force was recorded on Defendant Officer Scicluna's body camera and in-car camera.

his emergency lights activated, stood next to Defendant Officer Scicluna's vehicle taking part in the seizure of Plaintiff as commands were given.

12. Defendant Officer Scicluna still had Plaintiff at gunpoint as Defendant Officer John Doe 1 gave her commands of which direction to walk. Plaintiff stood with her arms raised in the air in the middle of the two police cars in the open traffic lane of the parking lot while Defendant Officer Scicluna, who continued to point his gun at Plaintiff, told Defendant Officer John Doe 1 and Defendant Officer John Doe 2 to get Plaintiff on her knees and to "cuff" her. Defendant Officer John Doe 2 handcuffed Plaintiff under the watch of Defendant Officers Scicluna and Defendant Officer John Doe 1. Plaintiff was in shock, extremely scared, crying, and in desperate fear of being killed by the police officers as she could see the gun pointed at her.

13. Plaintiff explained to the Defendant Officers that her vanity license plate was lawfully obtained by her via the State of Michigan Secretary of State and it was in remembrance of her mother's name. Plaintiff, who was no longer under gun point, was extremely emotional as she explained facts to the Defendant Officers. Defendant Officer Scicluna, who was using his police car's computer, for no reason derogatively made fun of Plaintiff indicating to his colleague stating that Plaintiff was "off her shit." Defendant Officer Scicluna chose to mock the fact that Plaintiff was terrified of being surrounded by three armed white policemen, who ordered her out of her car at gun point for no reason as she committed no crime.

5

14.     Defendant Officer Scicluna then completed his "investigation" of the license plate and realized he was completely incorrect about his assumption that Plaintiff's vehicle and / or license plates were unlawful / stolen. He ordered Defendant Officers John Doe 1 and 2 to "cut her loose." The video recording then shows Defendant Officer Scicluna ending his interaction with Plaintiff while inexplicably calling Plaintiff a "nut case" despite his unlawful conduct of using excessive force of pointing his gun at Plaintiff for no justification.

15.     Defendant Officers' unreasonable seizure and use of excessive force, not limited to the handcuffing and pointing the gun at Plaintiff, violated her Constitutional rights as stated above and below.

16.     During the unlawful seizure, Plaintiff followed all of the commands of Defendant Officers despite being the victim of a felonious assault with a gun and being handcuffed in violation of her 4th Amendment rights.

17.     Defendant Officers  unreasonably seized and used excessive force on Plaintiff.

18.     As a direct and proximate result of Defendant Officers' unlawful and egregious conduct, Plaintiff suffered injuries and damages, including, but not limited to:

    a.  Loss of liberty and cherished constitutional rights;

    b.  Physical Pain and suffering;

    c.  Shock, humiliation, fear, anxiety, and emotional distress;

d.  Economic Damages;

e.  Compensatory, exemplary, and punitive damages recoverable under state and federal law;

f.  Actual attorney fees and costs recoverable under 42 U.S.C § 1988 and state law.

### COUNT I
### 42 U.S.C. § 1983 – UNREASONABLE SEIZURE
### AGAINST ALL DEFENDANT OFFICERS

19.  Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

20.  Defendant Officers acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured to her by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from an unreasonable seizure, as guaranteed by the 4th Amendment of the United States Constitution.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C § 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## COUNT II
## 42 U.S.C. § 1983 – EXCESSIVE FORCE AGAINST
## ALL DEFENDANT OFFICERS

21. Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

22.   As more fully described in the preceding paragraphs, the intentional conduct of Defendant Officers, acting under color of law, toward Plaintiff was objectively unreasonable and constituted excessive force in violation of the 4th Amendment and 14th Amendment to the United States Constitution.

23.   As a direct and proximate result of Defendant Officers' unreasonable seizure and use of excessive force, Plaintiff suffered pain and injuries not limited to emotional injuries, all past, present, and future as well as loss of enjoyment of life, humiliation, degradation as described in preceding paragraphs, and which will be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C § 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

**COUNT III**
**42 U.S.C. § 1983 – FAILURE TO INTERVENE TO PREVENT VIOLATION**
**OF 4TH AMENDMENT RIGHTS OF PLAINTIFF**
**AGAINST ALL DEFENDANT OFFICERS**

24.     Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

25.     Defendant Officers had a duty to intervene when Plaintiff's rights under the 4th Amendment to the United States Constitution and 42 USC § 1983, were violated by failing to ensure that Plaintiff was not unreasonable seized and to ensure that she was not subject to the use of excessive force.

26.     Defendant Officers observed or had reason to know that Plaintiff was being subjected to an unreasonable seizure and was the victim of excessive force. Defendant Officers failed to intervene despite their duty to do so and were each thereby a direct and proximate cause of her pain and suffering .

27.     The foregoing conduct by Defendant Officers itself amount to a constitutional violation of Plaintiff's rights under the 4th Amendment to United States Constitution.

28.     The above-described conduct of the Defendant Officers, as specifically set forth above, was the proximate cause of Plaintiff's injuries and damages to her.

WHEREFORE, Plaintiff prays for judgment against Defendant Officers in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney

fees per 42 U.S.C § 1988, as well as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

### COUNT IV
### § 1983 SUPERVISORY AND MUNICIPAL LIABILITY AGAINST DEFENDANT OFFICER SCICLUNA AND CITY OF CENTERLINE

29. Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

30. Defendant Officer Scicluna, who upon information and belief, is a supervising sergeant in the City of Centerline police department. He was in command of Defendant Officers John Doe 1 and John Doe 2 as he commanded the violation of Plaintiff's constitutional rights as described above and below.

31. Defendant City of Centerline acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies, and/or practices that directly and proximately caused the injuries and damages suffered by Plaintiff.

32. These customs, policies, and/or practices included but were not limited to the following:

a. Failing to supervise officers to prevent violations of citizens' constitutional rights;

b. Failing to adequately train and/or supervise officers regarding the proper use of force;

10

c. Failing to adequately train and/or supervise officers regarding legal search and/or seizures;

d. Failing to control and/or discipline officers known to harass, intimidate, and/or abuse citizens;

e. Failing to properly hire, supervise, review, and/or discipline officers whom Defendant City of Centerline knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; Defendant City of Centerline knew or should have known of Defendant Officers' propensity to violate citizens' constitutional rights and to disregard police departments' policies as Defendant Officers' may have been sued as police officers in various other civil rights matters;

f. Failing to require compliance of its officers and/or employees with established policies and/or procedures and/or rules and discipline or reprimand officers who violate these established policies;

33. Plaintiff's injuries in this case were proximately caused by customs, policies, and practices of Defendant City of Centerline, which by its deliberate indifference, allows its police officers to violate the constitutional rights of citizens without fear of any meaningful investigation or punishment. In this way, Defendant

City of Centerline violated Plaintiff's rights since it created the opportunity for Defendant Officers to commit the foregoing constitutional violations.

34.    The misconduct described in the preceding paragraphs has become a widespread practice, and so well settled as to constitute *de facto* policy in the City of Centerline Police Department. This policy was able to exist and thrive because governmental policymakers have exhibited deliberate indifference to the problem, thereby ratifying it.

35.    The widespread practice described in preceding paragraphs was allowed to flourish because Defendant City of Centerline has declined to implement sufficient hiring, training and/or legitimate and/or effective mechanisms for oversight and/or punishment of police officer misconduct.

36.    The policies and practices of Defendant City of Centerline directly and proximately led to the injuries Plaintiff suffered at the hands of Defendant Officers.

37.    As a direct and proximate result of said Constitutional violations, Plaintiff suffered loss of freedom, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, degradation, and emotional injuries, all past, present, and future.

WHEREFORE, Plaintiff prays for judgment against Defendant Officer Scicluna and Defendant City of Centerline in whatever amount the Plaintiff is found to be entitled, in excess of Seventy Five Thousand ($75,000.00) Dollars, per Defendant, and to award costs, interest, attorney fees per 42 U.S.C § 1988, as well

as substantial punitive and exemplary damages, together with such other relief that this Honorable Court deems just.

## STATE LAW CLAIMS

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST ALL DEFENDANT OFFICERS

38.    Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

39.    Defendant Officers acted intentionally and recklessly towards Plaintiff.

40.    The actions of Defendant Officers were so outrageous and extreme as to go beyond all possible bounds of decency and are regarded as atrocious and intolerable in a civilized society.

41.    As a direct and proximate result of the unlawful actions of Defendant Officers, Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory, exemplary, and punitive damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees and costs.

## COUNT VI
## GROSS NEGLIGENCE
## AGAINST ALL DEFENDANT OFFICERS

42.    Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

13

43. Defendant City of Centerline, which employed Defendant Officers through its police department, was engaged in the exercise or discharge of a governmental function.

44. Defendant Officers had a legal duty to exercise reasonable care and caution, and to perform their employment activities so as not to endanger or cause harm to Plaintiff.

45. Defendant Officers breached their duty to use reasonable care and caution with respect to Plaintiff through their above-described actions, including by failing to properly confirm that there was a lawful basis for them to seize, arrest, and use force against Plaintiff in the manner that they did.

46. Defendant Officers knew, or should have known, that by breaching their duty, harm would come to Plaintiff. The harm that did come to Plaintiff was reasonably foreseeable.

47. The conduct of Defendant Officers amounted to gross negligence, which was the proximate cause of Plaintiff's injuries and damages.

48. The actions of Defendant Officers were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for

14

compensatory, exemplary, and punitive damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees and costs.

### COUNT VII
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### AGAINST ALL DEFENDANT OFFICERS

49.     Plaintiff repeats, realleges, and incorporates all other paragraphs of this complaint as if fully set forth herein.

50.     Through their acts and/or omissions Defendant Officers acted negligently and/or grossly negligently towards Plaintiff.

51.     The actions of Defendant Officers were so outrageous and extreme as to go beyond all possible bounds of decency and are regarded as atrocious and intolerable in a civilized society.

52.     As a direct and proximate result of Defendant Officers' negligent acts and/or omission as described in detail above, Plaintiff suffered severe emotional distress and mental anguish.

WHEREFORE, Plaintiff demands judgment against Defendant Officers for compensatory, exemplary, and punitive damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees and costs.

15

Respectfully submitted,

By:   /s/ Marcel S. Benavides
      Marcel S. Benavides, P69562
      Attorney for PLAINTIFF
      801 W. Eleven Mile Road
      Suite 130
      Royal Oak, MI 48067
      (248) 549-8555
      benavideslaw@att.net

Date: June 27, 2025

16

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CICELY PARKER,

     PLAINTIFF

  -vs-                                Case No.

CITY OF CENTERLINE,                Hon:
a municipal corporation;
CENTERLINE OFFICER TYLER SCICLUNA,
Individually,
CENTERLINE OFFICER JOHN DOE 1,
Individually,
CENTERLINE OFFICER JOHN DOE 2,
Individually.

           DEFENDANTS            JURY TRIAL DEMANDED

Marcel S. Benavides, P 69562
Attorney for PLAINTIFF
801 W. Eleven Mile Road, Suite 130
Royal Oak, MI 48067
Tel: (248) 549-8555
Email: benavideslaw@att.net

### PLAINTIFF DEMANDS A TRIAL BY JURY

    **NOW COMES** the Plaintiff, Cicely Parker, by and through her attorney,

Marcel S. Benavides, and demands a trial by jury in this matter.

                      Respectfully submitted,

                      By:/s/ Marcel S. Benavides
                      Marcel S. Benavides, P69562
                      Attorney for PLAINTIFF
                      801 W. Eleven Mile Road
                      Suite 130
                      Royal Oak, MI 48067
                      (248) 549-8555
Date: June 27, 2025            benavideslaw@att.net