UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CICELY PARKER,                                    Case No. 25-11943

                        Plaintiff,               F. Kay Behm
v.                                               United States District Judge

CITY OF CENTERLINE, *et al.*,                    Curtis Ivy, Jr.
                                                 United States Magistrate Judge
                        Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND REQUEST SANCTIONS (ECF No. 22)**

Pending before the Court is Plaintiff's *Motion to Compel Discovery and Request Sanctions* (ECF 22).  On August 7, 2025, the District Judge referred all discovery matters to the undersigned.  (ECF No. 9).  The motion is fully briefed and ripe for review.  (ECF Nos. 22, 24, 25).  The Court notes that on March 13, 2026, Defendants Officer Anthony Valdes and Officer Justin Ward were voluntarily dismissed from the action.  (ECF No. 26).

On September 3, 2025, Plaintiff served her initial discovery requests on Defendants, which included interrogatories and requests for production from Defendants City of Centerline (the "City") and Centerline Officers Tyler Scicluna, Anthony Valdes, and Justin Ward ("Defendant Officers").  (ECF No. 22, PageID.156).  Defendants did not respond within thirty days of service of the discovery requests as required under Rules 33 and 34 of the Federal Rules of Civil

Procedure, so Plaintiff sent a letter pursuant to Rule 37(a)(1) on October 14, 2025, requesting discovery be produced by October 21, 2025.  (*Id.*; ECF No. 22-2, PageID.199).  On October 20, 2025, the City served their responses, but the Defendant Officers did not.  (ECF No. 22, PageID.156).  On November 5, 2025, Plaintiff sent a second letter pursuant to Rule 37(a)(1) outlining the perceived deficiencies in the City's discovery responses and requested the Defendant Officers submit their responses.  (*Id.* at PageID.156–57; ECF No. 22-2, PageID.200–01).  Plaintiff indicated that a motion to compel would be filed if responses were not received by November 12, 2025.  (*Id.*)

On November 13, 2025, during Plaintiff's deposition, the Parties had a face-to-face conference where Plaintiff requested compliance to avoid motion practice and stated that the scheduled depositions of Defendant Officers would need to be cancelled until they obtained responses to all outstanding discovery requests.  (ECF No. 22, PageID.157).  On November 17, 2025, the City served amended answers, but Defendant Officers responses remained outstanding.  (*Id.*).  On November 20, 2025, Plaintiff sent her third and final letter pursuant to Rule 37(a)(1), again indicating that Defendant Officers have not responded and requested that the City provide: 1) a privilege log related to responses that asserted a privilege; 2) personnel documents of Defendant Officers; and 3) the identified relevant general policy and procedure orders that the City had indicated could be

2

made available upon request in their amended discovery response.  (ECF No. 22-2, PageID.203–04).  In the letter, Plaintiff provided a new deadline of December 5, 2025, for Defendants' complete discovery responses and stated that if they are not tendered by that date, she will file a motion to compel and seek sanctions.  (*Id.*).  Plaintiff also adjourned the depositions of Defendant Officers pending the receipt of outstanding discovery.  (*Id.*).  On December 5, 2025, the Parties agreed to enter a stipulated protective order related to the forthcoming discovery responses.  (ECF No. 16).  However, after the Court entered the stipulated protective order, Plaintiff still did not receive the discovery responses from Defendants, thus, Plaintiff filed the instant motion on December 31, 2025.  (ECF Nos. 16, 22).

Plaintiff bases her motion to compel and request for sanctions on claims Defendants willfully delayed in complying with the Court's discovery orders, that this delay was unjust and costly for Plaintiff, and that Defendant's delay amounts to a display of gamesmanship by Defendants.   (ECF No. 22, PageID.158, 166).  Defendants deny Plaintiff's claim that they acted dilatory and denies any alleged gamesmanship.  (ECF No. 24).  Defendants admit Plaintiff's initial discovery requests were first served on September 3, 2025, and indicated that the City produced responses on October 20, 2025, and amended responses on November 17, 2025.  (*Id.* at PageID.211).  Counsel for Defendants contacted counsel for Plaintiff on November 6, 2025, to inform him that she received the letter asserting

3

that the City's production was deficient and she will look into the issues raised. (*Id.* at PageID.211, 222; ECF No. 24-4, PageID.244).  She also indicated that responses from Defendant Officers would be forthcoming as it had been more challenging than expected to get Defendant Officer Scicluna's responses finalized since he was no longer employed by the City.  (*Id.*).  Defendants state that there was additional correspondence between counsel for the Parties related to the scope of the requests for production, which they objected to as overly broad and unduly burdensome.  (ECF No. 24, PageID.211, 223).  After multiple back and forth exchanges between counsel, the Parties reached an agreement to limit the scope of certain requests and Plaintiff modified their requests on November 20, 2025.  (*Id.*).  Defendants assert that they undertook efforts to gather the documents subject to the new request and made their third production on January 2, 2026.  (*Id.*).

Defendants argue that they were not dilatory but rather acted in good faith as evidence by their communications with Plaintiff and their three productions in response to Plaintiff's belief that the initial productions were deficient.  (ECF No. 24, PageID.212).  Defendants also assert that the December 5, 2025, deadline to respond was unilaterally set by Plaintiff and not negotiated by the Parties.  (*Id.*).  Defendants further assert that there was no communication or concurrence requested after the November 20, 2025, letter prior to filing the instant motion to compel on December 31, 2025, and had Plaintiff conducted a proper meet and

4

confer, Defendants could have informed them the final production was expected to be completed within a matter of days.  (*Id.* at PageID.212, 223).

In any event, Defendants' note that they provided complete responses on January 2, 2026, and requested Plaintiff to withdraw the motion to compel.  (*Id.* at PageID.215; ECF No. 24-6, PageID.249).  Plaintiff declined to withdraw the motion as she still intended to seek attorney's fees and costs associated with filing the motion to compel, but otherwise Plaintiff appears to agree that Defendants have provided complete responses to her discovery requests, and the motion to compel is now moot.  (ECF No. 24, PageID.216, 225; ECF No. 24-6, PageID.249).

In reply, Plaintiff's counsel asserts that he properly sought concurrence prior to filing the motion by sending Defendants' counsel letters pursuant to Rule 37(a)(1) on October 14, 2025, November 5, 2025, and November 20, 2025.  (ECF No 25, PageID.263).  Specifically, he notes that in his November 20, 2025, letter, he stated that a motion to compel would be filed if they did not receive compliance by December 5, 2025.  (*Id.*).  Plaintiff did not receive the outstanding discovery by the date provided, so on December 31, 2025, the instant motion to compel was filed.  Defendants' discovery obligations were not fulfilled until after the motion was filed when they served discovery responses on January 2, 2026.  (*Id.* at PageID.264).  Plaintiff claims the November 20, 2025, letter served as the final request for concurrence.  (*Id.*).

Plaintiff also asserts that despite Defendants providing their untimely discovery responses, the issue of a sanction of costs and attorney fees remains ripe. (*Id.* at PageID.265).  Plaintiff notes that he was required to send multiple letters to Defendants to obtain compliance, and compliance was only had after the motion to compel was filed.  (*Id.* at PageID.266).  Plaintiff cites *Larsen Graphics, Inc. v. XPA Logistics Freight, Inc.*, Case No. 1:23-cv-10642, 2024 WL 1623087, *3-4, (E.D. Mich. April 15, 2024), where the Court awarded costs and reasonable attorney fees as a sanction where discovery responses were received after the motion was filed.  Plaintiff accuses Defendants of gamesmanship in their deficient and untimely responses and emphasized that the filing of the motion was the driving force in Defendants finally answering the discovery requests.  (*Id.* at PageID.266–69).

Rule 37(a) provides that if a motion for an order compelling disclosure or discovery "is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  The award of reasonable expenses is mandatory unless: "(i) the movant filed the motion before attempting in good faith to obtain

6

the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

To start, it is not disputed that the requested discovery was provided after the motion was filed, thus, even though the Parties agree the motion to compel is now moot, Plaintiff is correct that under Rule 37(a)(5), the issue of reasonable expenses is still ripe for the Court's review. However, reasonable expenses are not warranted here.

To start, the Court finds that Plaintiff did not properly comply with the spirit of the Eastern District of Michigan Local Rules 7.1 and 37.1, Rule 37(a) of the Federal Rules of Civil Procedure, or the undersigned's Practice Guidelines. At their core, the Local Rules and Federal Rules of Civil Procedure provide that the moving party must meet and confer in good faith with the party failing to provide responses to discovery requests in an effort to obtain it without court intervention or to narrow the areas of disagreement prior to filing the motion. L.R. 7.1(a), 37.1; Fed. R. of Civ. P. 37(a)(1). Local Rule 7.1 concludes with a note that states:

> LR 7.1(a) requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues. **The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone.** Sometimes,

7

> email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. **But sending an email without engaging the other parties will not satisfy this rule**.

L.R. 7.1 (emphasis added). Similarly, the undersigned's Practice Guidelines state, in relevant part:

> This meet-and-confer requirement is not satisfied by an email exchange or message left unanswered, or by mere compliance with L.R. 7.1, which requires the moving party to seek concurrence in a motion. Rather, the Court requires **actual voice contact with opposing counsel**. When a conference has not been conducted, the moving party is to submit a written statement to the Court outlining all steps taken to participate in a conference with the opposing party. Any motion that fails to meet these requirements **will be struck** from the record.

United States Magistrate Judge Curtis Ivy, Jr.'s Practice Guidelines, https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=55 (last accessed April 22, 2026) (emphasis in original).

Here, after objecting to certain requests for production as overly broad and unduly burdensome, that Parties did meet in person on November 13, 2025, during the Plaintiff's deposition. On November 17, 2025, the City served an amended disclosure which turned over the Centerline Department of Public Safety's ("DPS") Rules and Regulations and provided Plaintiff with an index of DPS general orders that could be provided upon request. (ECF No. 22, PageID.168). On November 20, 2025, Plaintiff sent Defendants a third request letter identifying eighteen DPS general orders from those listed in the City's amended disclosure,

8

and, again, requested Defendant Officers responses.  (ECF No. 22-2, PageID.204).

In this letter Plaintiff unilaterally set a deadline of December 5, 2025, for

Defendants to comply and indicated that a motion to compel would be filed if they

failed to provide complete discovery responses.  (*Id.* at PageID.203).

Plaintiff herself categorizes the November 20, 2025, letter as Plaintiff's final

request for concurrence between the parties.  Yet Plaintiff does not claim that she

made any attempt to meet and confer with Defendants in person, by telephone, or

by videoconference between the November 20, 2025, letter and filing the motion to

compel on December 31, 2025, as required by the Court's practice guidelines and

local rules.  The Local Rules are clear that sending a correspondence "without

engaging the other parties will not satisfy this rule."  L.R. 7.1.  Although Plaintiff

certainly made substantial attempts to obtain compliance with discovery, sending a

letter that included a revised request for production following the Parties agreeing

to a narrowed request, with a warning that a motion would be filed if responses

were not received, a month and a half prior to filing the motion does not satisfy the

spirit of meet and confer requirement.  Plaintiff's counsel made no attempt to

arrange a meeting in person, by video, or by telephone, to discuss the outstanding

discovery after the revised request for production prior to filing the motion.

However, the Court declines to strike the motion to compel from the record under

the facts of this case.

Next, Plaintiff relies on *Larsen Graphics, Inc. v. XPO Logistics Freight, Inc.*, to support their position that they should be awarded reasonable expenses where Defendants provided complete discovery responses after a motion to compel was filed.  No. 1:23-CV-10642, 2024 WL 1623087, at *3 (E.D. Mich. Apr. 15, 2024).  The facts in *Larsen Graphics* are do not align with the facts of this case. First, the plaintiff's counsel communicated with opposing counsel in a substantive way, including direct communication and coordination on when the discovery requests could be reasonably produced, and attempted to meet and confer with opposing counsel twice within the week prior to filing the motion.  *Id.*  Next, the case did not involve the parties exchanging any amended responses or requests as the result of negotiations between the parties.  Finally, the actions of defense counsel *Larsen Graphics* were far more egregious as they eventually ceased all communication for over a month and failed to file a response to the plaintiff's motion for two months.

Here, albeit Defendants' counsel failed to respond within thirty days of being served with the discovery requested and failed to communicate with Plaintiff's counsel to request additional time, within one week of receiving Plaintiff's letter, the City did produce their responses.  The following week, on November 5, 2025, Plaintiff's counsel raised concerns that some of the responses were deficient, and the next day Defendants' counsel indicated she would review

10

the perceived deficiencies and that she was facing challenges finalizing the Defendant Officers' discovery responses, but she was working on them. The Parties had a face-to-face meeting on November 13, 2025, and despite maintaining that their responses were not deficient, Defendants amended their responses four days later. Following the Parties' prior negotiations on the City's objections and on narrowing the scope of Plaintiff's request related to DPS policies and procedures, Plaintiff's counsel sent a November 20, 2025, letter that narrowed their request to specific general orders they sought, as well as a privilege log and personnel files. Plaintiff's counsel set a two-week deadline without discussion with Defendants' counsel regarding how long they may need to finalize all responses. With no further communication between the Parties for a month and a half, Plaintiff filed her motion on December 31, 2025.

Defendants ultimately made three separate productions over the course of a four-month period, which included negotiations regarding deficiencies identified by Plaintiff and objections to the requests lodged by Defendants. Defendants also communicated that they were experiencing difficulties finalizing discovery of Defendant Officers due to one of them not being employed with the City any longer, albeit they should have initially communicated this prior to the initial thirty-day deadline. The Court finds that Plaintiff did not properly comply with L.R. 7.1 and 37.1, Fed. R. Civ. P. 37(a), or the undersigned's Practice Guidelines,

11

and the delays in providing complete discovery responses was substantially justified. It is apparent that a lack of sufficient communication on behalf of both Parties is the driving force behind this dispute.

Accordingly, it is **ORDERED** that Plaintiff's *Motion to Compel Discovery and Request Sanctions* (ECF 22) is **DENIED**.

**IT IS SO ORDERED.**

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: April 30, 2026                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge